SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Amanda L. Genovese (*Pro Hac Vice Forthcoming*)
agenovese@seyfarth.com
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone:   (212) 218-5500
Facsimile:    (212) 218-5526

Attorneys for Defendants
THE TRADE DESK, INC. and UNITED
HEALTHCARE SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JOHNSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE TRADE DESK, UNITED<br>HEALTHCARE SERVICES, DOES 1-10,<br><br>                    Defendants. | Case No.   2:23-cv-02038<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441**<br><br>[Filed concurrently with Civil Cover Sheet and Certificate of Interested Parties]<br><br>Action Filed: February 15, 2023 |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES:**

Please take notice that Defendants The Trade Desk, Inc. ("Trade Desk") and United HealthCare Services, Inc. ("United," together with Trade Desk, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Accordingly, Defendants remove this action and, in addition, state the following:

**I.      BACKGROUND**

1.      On or about February 15, 2023, Plaintiff Raymond Johnson ("Plaintiff") filed a Complaint against Defendants in the Superior Court for the State of California, County of Los Angeles, Case No. 23STCV03344 (the "State Court Action").

2.      On February 16, 2023, United was served with the Complaint and Summons in the State Court Action.

3.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are collectively attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders have been served.

4.      Because United was served with the Complaint on February 16, 2023, and Trade Desk was served on February 16, 2023, removal is timely because this Notice of Removal is filed thirty days after the service of the Complaint, as required by 28 U.S.C. § 1446(b)(1) and FRCP Rule 6(a)(1).

5.      Removal is also proper because both Trade Desk and United, the only named defendants (both represented by the undersigned counsel), timely consent to removal of the State Court Action to this Court.

DEFENDANTS' NOTICE OF REMOVAL

6.      In accordance with 28 U.S.C. § 1446(d), a copy of Defendants' Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Los Angeles (*see* **Exhibit B**).

7.      In accordance with 28 U.S.C. § 1446(d), Defendants are contemporaneously serving this Notice of Removal on all adverse parties.

## II.    VENUE

8.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending.  Specifically, Plaintiff filed this action in the Superior Court for the State of California, County of Los Angeles (*see* Exhibit A), which is located within the Central District of California.  Therefore, the State Court Action may be removed to this Court.

## III.   GROUNDS FOR REMOVAL

### A.    Federal Question Jurisdiction

9.      Plaintiff asserts one cause of action against Defendants for recovery of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (a)(1)(B).  Plaintiff alleges that Defendants failed to properly adjudicate and reimburse benefits under an ERISA-governed health plan (the "Plan").  Plaintiff's sole cause of action under ERISA directly relates to the enforcement of rights and the payment of benefits under the Plan—the Plan does not fall within an ERISA exemption defined within 29 U.S.C. §§ 1002.

10.     Federal courts have original jurisdiction over all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction.  *See* 28 U.S.C. § 1441(b) (courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).  Here, Plaintiff seeks "to recover benefits and enforce rights under 29 U.S.C. § 1132 (a)(1)(B)," making this entire case removable to this Court.

11.     Alternatively, and in further support of removal, the doctrine of complete preemption confers jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes." (internal quotations and citations omitted)).  After *Davila*, the Ninth Circuit held that a state law cause of action is completely preempted if "(1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102, 1107-08 (9th Cir. 2011) (citations omitted).  Notwithstanding Plaintiff's specific cause of action under ERISA, both prongs of the *Davila* test are satisfied here.[1]

## IV.    RESERVATION OF RIGHTS

12.     Defendants deny the allegations contained in Plaintiff's Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions, and/or obligations that may exist in its favor in either state or federal court.

13.     Defendants do not concede in any way that (i) Plaintiff has asserted a claim upon which relief can be granted, (ii) Plaintiff has standing to sue, and/or (iii) recovery of any of the amounts sought is authorized or appropriate under the terms of the ERISA-governed Plan.

14.     Defendants reserve the right to amend or supplement this Notice of Removal. Further, to the extent any questions arise as to the propriety of the removal of the State

---

[1] For the first prong, Plaintiff alleges that he is a "'beneficiary' entitled to collect benefits." (Compl. ¶ 34.)  With respect to the second prong, Plaintiff contends that Plaintiff's health plan is an ERISA plan and alleges a right to benefits under the ERISA-governed Plan: "Plaintiff seeks to obtain *proper reimbursement under the ERISA plan* to offset the cost that Plaintiff has incurred with Medical Providers."  (*Id.* ¶¶ 16, 31 (emphasis added).)

DEFENDANTS' NOTICE OF REMOVAL

1  Court Action, Defendants expressly request the opportunity to present a brief, oral
2  argument and any further evidence necessary in support of its position that this action is
3  removable.

4          WHEREFORE, in accordance with the authorities set forth above, Defendants
5  hereby remove this action from the Superior Court of the State of California for the County
6  of Los Angeles to the United States District Court for the Central District of California,
7  and requests such other and further relief as the Court deems appropriate and just.

8  DATED:  March 17, 2023                    Respectfully submitted,

9                                            SEYFARTH SHAW LLP

10

11

12                                           By:*/s/ Kathleen Cahill Slaught*
                                                Kathleen Cahill Slaught
13                                              Ryan R. Tikker
                                                Amanda L. Genovese (*Pro Hac Vice*
14                                              *Forthcoming*)

15                                              Attorneys for Defendants
                                                THE TRADE DESK, INC. and
16                                              UNITED HEALTHCARE
                                                SERVICES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL